UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SALVADOR ZAPETA-VICENTE,

                  *Petitioner*,

– against –

PAM BONDI, *Attorney General of the United States*, MARKWAYNE MULLIN, *Acting Secretary of the Department of Homeland Security*, TODD M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement, in their official capacities*, BRIAN FLANAGAN, *Acting Deputy Field Office Director for ICE in New York City Area, in their official capacities*, RAUL MALDONADO, *in his official capacity as Warden of the Metropolitan Detention Center, Brooklyn*,

                  *Respondents.*

**MEMORANDUM & ORDER**
26-cv-01272 (NCM)

**NATASHA C. MERLE**, United States District Judge:

On March 4, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested and detained petitioner Salvador Zapeta-Vicente. Pet. for Writ of Habeas Corpus ("Petition") ¶¶ 1, 3, ECF No. 1. Petitioner is currently being detained by respondents at the Nassau County Correctional Center ("NCCC") in East Meadow, New York. Decl. of Deportation Officer Henry Tsang ("Tsang Decl.") ¶ 12, ECF No. 5. He now petitions the Court for a writ of habeas corpus under 28 U.S.C. §§ 2241, 2243. Pet. ¶¶ 11–12, 16.[1] For the reasons discussed below, the Petition is **GRANTED**.

---

[1]     The Petition identifies Kristi Noem as the Secretary of the Department of Homeland Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, "if the defendant in an official capacity suit leaves office, the successor to the office replaces the originally

1

## BACKGROUND

Petitioner is a native citizen of Guatemala who has lived in the United States since September 2002. Pet. ¶ 1. On August 5, 2016, petitioner filed an asylum application with U.S. Citizenship and Immigration Services ("USCIS"), which remains pending. Pet. ¶ 2; *see also* Tsang Decl. ¶ 6.[2] Petitioner and his partner have two children, ages 11 and 18, who are both U.S. citizens. *See* Pet. ¶ 6. Respondents allege that at some point they "became aware of [p]etitioner and w[ere] able to verify" his citizenship status "through a records check in DHS databases." Tsang Decl. ¶ 8. Shortly thereafter a Form I-200 Arrest Warrant was issued by the U.S. Department of Homeland Security ("DHS") for petitioner. Tsang Decl. ¶ 9. ICE then "targeted [p]etitioner for arrest." Tsang Decl. ¶ 9.

On March 4, 2026, petitioner was detained and arrested by ICE when he appeared for his previously scheduled asylum interview at the Bethpage asylum office. Pet. ¶ 3. Petitioner was booked into NCCC that evening and has remained there since. Tsang Decl. ¶ 12. That same day, petitioner was served with a Form I-862 Notice to Appear, charging him as inadmissible under the Immigration and Nationality Act ("INA") and commencing

---

named defendant." *Watt v. City of New York*, 740 F. Supp. 3d 212, 232 (E.D.N.Y. 2024) (citing Fed. R. Civ. P. 25(d)). Accordingly, the Court substitutes Kristi Noem with the above-listed defendant. *See Feng Chen on behalf of Jiang Jinghon v. Sessions*, 321 F. Supp. 3d 332, 334 n.1 (E.D.N.Y. July 2, 2018). The Clerk of Court is respectfully directed to amend the caption of the case as above.

[2] This Court ordered respondents to submit "any records, documents, or other information in petitioner's immigration file, as well as any underlying records relied upon in [their] submission not yet filed by petitioner, and records indicating whether any property was seized from petitioner at the time of arrest." Scheduling Order 3, ECF No. 3. Respondents produced certain documents pursuant to the Order, *see* Tsang Decl., including a Form I-213 Record of Deportable/Inadmissible Alien created by DHS after ICE arrested petitioner, and petitioner's purported rap sheet. Tsang Decl. 9, 12.

removal proceedings. Tsang Decl. ¶ 13. An initial master calendar hearing has been scheduled for March 10, 2026. Tsang Decl. ¶ 14.

On March 5, 2026, petitioner initiated the instant action by filing for a writ of habeas corpus from this Court under 28 U.S.C. §§ 2241, 2243. Pet. ¶¶ 11, 13. The same day, the Court issued an order preserving its jurisdiction, and directing respondents to state the statutory provision(s) under which respondents assert the authority to detain petitioner, and to address whether the instant petition is controlled by the Court's prior opinions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869 (E.D.N.Y. Mar. 4, 2026). Scheduling Order 2–3.[3] Respondents filed a letter-response in lieu of a formal memorandum of law on March 6, 2026, which discussed the Court's prior decisions in *Crespo*, *Y-C-*, and *Terrero*. Resp'ts Letter dated Mar. 6, 2026 ("Resp.") 1, ECF No. 4. Respondents stated that it is their position that petitioner's detention is subject to 8 U.S.C. § 1225(b)(2)(A). Resp'ts Letter dated Mar. 6, 2026 ("Resp.") 2–3, ECF No. 4. Nevertheless, respondents explain that while they "disagree with the Court's decisions in *Crespo Tacuri* and *Y-C-*, they acknowledge that those decisions wound control the result in this case . . . as the facts of this case are not materially distinguishable[.]" Resp. 3–4.

Although petitioner has not yet filed a reply, "[t]he Court issues the instant Order before [p]etitioner's deadline to file a reply in light of its obligation to determine the facts, and dispose of habeas petitions expeditiously, as law and justice require." *Ccorihuaman v.*

---

[3] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

3

*Genalo*, No. 26-cv-00554, 2026 WL 328983, at *1 (E.D.N.Y. Feb. 6, 2026) (quoting 28 U.S.C. § 2243).[4]

## LEGAL STANDARD

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, --- F. Supp. 3d ---, No. 25-cv-06065, 2025 WL 3314420, at *8 (E.D.N.Y. Nov. 28, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

## DISCUSSION

Petitioner contends, among other things, that he is being detained in violation of the INA and the Due Process Clause of the Fifth Amendment.[5] Pet. ¶¶ 16–23. The government's response does not meaningfully dispute these assertions aside from "rely[ing] upon, and incorporat[ing] by reference, the legal arguments presented by the Government in *Crespo Tacuri*," Resp. 4, and by noting that its position has been adopted and affirmed by courts within the Second and Fifth Circuits, Resp. 3 n.2.[6] Accordingly, for

---

[4] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

[5] The Court does not reach petitioner's cause of action under the Administrative Procedure Act. *See* Pet. ¶¶ 24–26.

[6] Respondents do, however, misconstrue this Court's prior decisions in *Crespo* and *Y-C-*. *See* Resp. 2–3 n.2. Respondents "respectfully disagree that the prior release of petitioner under Section 1226 is controlling," implying that the Court's previous decisions

4

the reasons stated by this Court in *Y-C-*, and *Crespo Tacuri*, which are incorporated here by reference,[7] the Court concludes that petitioner is being unlawfully detained pursuant to 42 U.S.C. § 1226 and in violation of his rights to due process under the Fifth Amendment. *See Y-C-*, 2025 WL 3653496, at *7; *Crespo Tacuri*, 2026 WL 35569, *7; *Terrero*, No. 26-cv-00869 (E.D.N.Y. Mar. 4, 2026), ECF No. 19; *see also Ccorihuaman*, 2026 WL 328983, at *2. "Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

---

rested on the fact that respondents' interpretation of the INA is novel, and because previous administrations did not seek to enforce Section 1225 in the manner respondents seek to enforce the statute here. *See* Resp. 2 n.2. And in respondents' view, this "is in effect an estoppel argument estopping the government from using [Section] 1225 despite its applicability." Resp. 3 n.2. But the Court's prior decisions did not rest on how previous administrations sought to enforce the INA. *See generally Crespo Tacuri,* 2026 WL 35569; *Y-C-*, 2025 WL 3653496. Nor did the Court hold that the government was estopped from advancing their interpretation of Section 1225 based on previous administrations' enforcement of the INA. Instead, the Court simply explained that the "central issue" in both cases was whether "the administration's new position that all noncitizens who came into the United States illegally, but since have been living in the United States, must be detained until their removal proceedings are completed," was supported by the INA's statutory text. *Y-C-*, 2025 WL 3653496, at *2. This Court, along with a resounding majority of other federal district courts across the country, concluded that it did not. *See id.*; *see also Crespo Tacuri*, 2026 WL 35569, at *3 n.6.

7   For this reason, and for the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing before this Court in *Crespo Tacuri* and *Y- C-*. *See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at *3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future.").

## CONCLUSION

For the foregoing reasons, the Court holds that petitioner's detention violates the INA and the Due Process Clause. The petition for a writ of habeas corpus is therefore **GRANTED**.

Respondents are directed to release petitioner from custody within 24 hours of this Order and to file a letter on the docket no later than 5:00 p.m. on March 7, 2026 certifying their compliance. For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at *8–9 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman*, 2026 WL 328983, at *2. This Order includes "an injunction barring deprivation of the [petitioner's] rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

Petitioner's March 11, 2026 deadline to file a reply and the hearing scheduled for March 12, 2026 are hereby adjourned sine die.

Should petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

                                                      /s/ Natasha C. Merle
                                                      NATASHA C. MERLE
                                                      United States District Judge

Dated:       March 6, 2026
                Brooklyn, New York